344.  STRICKLAND, administratrix, *v.* THORNTON & NASWORTHY.

RUSSELL, J.  1. While service of a bill of exceptions before it has been certified by the judge is equivalent to no service, and an acknowledgment of service on a bill of exceptions can not by aliunde proof be shown to bear the wrong date, yet other parts of the record outside of the bill of exceptions may be consulted to ascertain the true date of acknowledgment of service on the bill of exceptions.  And when it thus appears that the acknowledgment of service was erroneously dated, the writ of error will not be dismissed.  *Harper* v. *Burke,* 74 *Ga.* 412.  When a bill of exceptions is certified as of the date October 18, 1906, and the acknowledgment of service is dated October 17, 1906, and it appears from the certified bill of exceptions that the case was not heard until October 18, it sufficiently appears that the bill of exceptions was not served prior to October 18, 1906, and that this ground of the motion to dismiss is not well taken.

2. The Supreme Court of this State had jurisdiction of a writ of error brought from the city court of Dawson on October 18, 1906.

3. It is error to sustain a demurrer to a petition brought by an administratrix, alleging that her intestate, at the time of his death, was in possession of a tract of land which he had rented out for the year during which he died, and that the rent due said intestate for said year, consisting of cotton, had been taken possession of by the defendants without right or authority, and with notice of plaintiff's right to the same, and sold by them, and asking judgment for the proceeds of said sale, upon the ground that the action could not be maintained, because plaintiff had not title in said rent cotton.

4. Under the provision of the Civil Code, § 3353, the title to all personalty, including choses in action, vests in the representative.  "Rent is personalty, and the right to collect and distribute it is in the personal representative of the decedent."  *Autrey* v. *Autrey,* 94 *Ga.* 579, 20 S. E. 431.  And that the rent was payable in cotton, and not money, does not change the rule.  The petition alleging that the defendants had notice of the plaintiff's right, this case is controlled by the decision in *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212, 33 S. E. 175.  It differs from *Worrill* v. *Barnes,* 57 *Ga.* 404, especially in the fact that in the case last cited the purchaser was an innocent party and bought without notice, and the landlord was still in life; and the case, therefore, was not affected by § 3353 of the code.

*Judgment reversed.*

Complaint, from city court of Dawson—Judge Raines.  October 17, 1906.

Argued May 13,—Decided July 25, 1907.

*R. O. Lovett,* for plaintiff.

*M. C. Edwards, M. J. Yeomans,* for defendants.