547. WISEBERG *v.* NOVELTY HAT MANUFACTURING COMPANY.

HILL, C. J. 1. The motion to dismiss the bill of exceptions is denied, on all the grounds stated. Civil Code, §§ 5565, 5569; *Continental Insurance Co.* v. *Wickham,* 110 *Ga.* 131 (35 S. E. 287); *Scott* v. *Whipple,* 116 *Ga.* 211 (42 S. E. 519); *Anderson v. Newton,* 123 *Ga.* 518 .(51 S. E. 508); *Strickland* v. *Thornton,* 2 *Ga. App.* 377 (58 S. E. 540); *Gleason* v. *Traynham,* 111 *Ga.* 887 (36 S. E. 969); *Taylor* v. *McLaughlin,* 120 *Ga.* 705 (48 S. E. 203).

2. Recoupment and set-off lie for overpayments, and the motion to strike such plea was properly overruled. Civil Code, § 3758; *Petit* v. *Teal,* 57 *Ga.* 145; *Bracken* v. *Dillon,* 64 *Ga.* 244 (37 Am. R. 70).

3. The Supreme Court having held in this case that the contract sued upon was ambiguous, and that parol evidence was admissible to explain such ambiguity, and there being a conflict in the evidence as to all the material issues, the finding of the court below without the intervention of a jury on questions of fact will not be disturbed. *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800 (55 S. E. 923).

*Judgment affirmed.*

Complaint, from city court of Atlanta—Judge Reid. March 28, 1907.

Argued October 23, 1907.—Decided January 15, 1908.

Wiseberg brought suit against the Novelty Hat Manufacturing Company upon a contract which provided that the said Wiseberg "agrees to work in the employ of the Novelty Hat Manufacturing Company, both in the house and on the road, as traveling

salesman, for which he is to receive $100 per month, provided his sales average $25,000 per annum; and it is also agreed that Wiseberg is to receive a commission of five per cent. on all sales over and above that amount." The contract was to continue one year from November 1, 1903, each party reserving the right to terminate the contract April 30, 1904; and the contract was terminated April 30, 1904, and Wiseberg brought this suit to recover the remainder of his salary, computed at the rate of $100 per month. The defendant admitted the execution of the contract, but insisted that the plaintiff was not entitled to $100 per month, unless his sales averaged the amount of $25,000 per annum, and that they did not average that much. The defendant filed a plea of set-off, alleging that the plaintiff had been overpaid, and asked for a judgment against the plaintiff for the balance. The case was submitted to the judge without the intervention of a jury. On the first trial of the case the court struck the defendant's answer and construed the contract to be unambiguous, and interpreted it as imposing upon the defendant the obligation of paying the plaintiff $100 per month for his services, and entered judgment in his favor for the full amount of his claim. The defendant took the case to the Supreme Court, and that court held that the lower court erred in ruling that the contract was unambiguous, and held that the contract was ambiguous, and that parol evidence was admissible to explain the ambiguity, the ambiguity being as to whether the contract imposed upon the Novelty Hat Company the unqualified obligation to pay the plaintiff $100 per month for his salary in case the contract should be terminated before the end of the year, or whether the obligation was to pay the plaintiff this amount of salary per month on average sales during the year that would make a total average for the year of $25,000; in other words, whether this average was to be calculated on the basis of the entire year's business, or on average sales amounting to so much per week or per month. *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800.

On the second trial the case was again submitted to the judge without the intervention of a jury. The plaintiff moved to strike the defendant's plea of set-off and recoupment, claiming that the sums paid to him by the defendant were voluntary payments and could not be recovered back. The court refused to strike this plea, and the plaintiff excepted. After hearing the evidence the

court rendered judgment in favor of the Novelty Hat Manufacturing Company and against Wiscberg for $92.23, based upon the plea of set-off and recoupment. This judgment is assigned as error, because there was no evidence to support it, and because it was contrary to law. On the material issues in the case the evidence is conflicting.

When the case was called in this court, a motion was made to dismiss the writ of error, on the following grounds: (1) That the bill of exceptions was filed before it was certified and before it was approved. (2) That the brief of evidence was filed before it was either approved or ordered filed. (3) That there is no sufficient assignment of error on the final judgment. The bill of exceptions is dated May 22, 1907. It was filed in the court below on the same day. The judge's certificate is dated May 23. The bill of exceptions was served May 24. The brief of evidence was filed in the court below on May 22, and approved and ordered filed May 23. The clerk of the court below certified to this court the original bill of exceptions on June 7, 1907.

*Hirsch & Haas,* for plaintiff.

*John L. Hopkins & Sons,* for defendant.