### 3375. ADEPE *v.* CITY OF THOMASVILLE.

1. The motion to dismiss is controlled by *Strickland* v. *Thornton,* 2 *Ga. App.* 377 (58 S. E. 540).
2. In operating an electric-light plant, furnishing electric lights for pay, a city is engaged in a private, non-governmental business, and is liable to one injured through the negligence of its employee engaged in repairing wires.

DECIDED OCTOBER 23, 1911.

Action for damages; from city court of Thomasville—Judge W. H. Hammond. March 27, 1911.

*Theodore Titus,* for plaintiff.

*T. N. Hopkins, Anderson, Felder, Rountree & Wilson, Roscoe Luke, George P. Whitman,* for defendant.

RUSSELL, J. 1. It appears from the bill of exceptions, and also from the transcript of the record, that a general demurrer was sustained to the petition on March 27, 1911. The certificate of the judge is dated April 3, 1911. The acknowledgment of service by counsel for the defendant in error is dated March 5, 1911. The bill of exceptions was filed in the clerk's office of the court below on April 5, 1911, and in the office of the clerk of this court on April 15, 1911. A motion is made to dismiss the bill of exceptions, because it does not appear that there has been legal service thereof on the defendant in error. It conclusively appears that the word "March," in the acknowledgment of service, was intended for "April." In such a case the bill of exceptions will not be dismissed. *Strickland* v. *Thornton,* 2 *Ga. App.* 377 (58 S. E. 540).

2. The petition alleged substantially the following facts: While standing on the sidewalk in front of his store on the principal street of the city of Thomasville, the plaintiff was hit on the head by a metal instrument weighing four or five pounds, and as a result his skull was fractured, and he sustained other enumerated injuries. It is alleged that the metal instrument was thrown by an employee of the electric-light plant operated by the city, which was engaged in the business of furnishing, for pay, electric lights to the citizens of the city. At the time of the injury the employee was

engaged in repairing the electric wires, and had the metal instrument hereinbefore referred to fastened to the end of a rope, and was attempting to throw it across the wires, located about 15 or 20 feet above the sidewalk; but the instrument missed the wires and fell with great violence on the plaintiff's head. The plaintiff was standing on the sidewalk in front of his store, where he had a right to be. The street where the accident occurred is the principal business thoroughfare of the city, is occupied on each side by numerous business houses, and the sidewalks are in constant use by the people of the community. The claim had been presented to the city as provided by law. The negligence alleged is the act of the employee of the city in attempting to cast the heavy metal instrument over the wires, at the time and place and in the manner stated. The court sustained a general demurrer to the petition, and this is the error assigned in the bill of exceptions.

We are of the opinion that the petition sets forth a cause of action. In operating an electric-light plant, the city is acting in a private corporate capacity, instead of exercising a governmental function. Dillon, Mun. Corp. (5th ed.) §§ 1647, 1670. Furnishing electric lights for pay is an occupation similar to furnishing water for pay. *Huey* v. *Atlanta, 8 Ga. App.* 597 (70 S. E. 71). It does not appear, from the allegations of the petition, that the plaintiff was guilty of contributory negligence. A fuller investigation into all the facts may authorize such an inference, but as against a general demurrer the petition sets forth a cause of action.

*Judgment reversed.*

---

#### NOTE.

The decision in the case of *Luke* v. *Livingston*, ante, 116, was rendered on consideration of a motion for rehearing, the court withdrawing the opinion reported in 70 Southeastern Reporter, 21, and vacating the judgment of reversal, rendered January 24, 1911.