A89A1854. BROCKETT POINTE SHOPPING CENTER, LTD.
v. DEVELOPMENT CONTRACTORS, INC.
(389 SE2d 374)

McMURRAY, Presiding Judge.

Brockett Pointe Shopping Center, Ltd. ("Brockett Pointe") brought an action against Development Contractors, Inc. ("DCI") to vacate an arbitration award entered in favor of DCI. Brockett Pointe alleged that the arbitration award is not enforceable because one of the three arbitrators was improperly appointed. DCI responded and sought to confirm the arbitration. The undisputed facts reveal the following: On July 23, 1986, Brockett Pointe and DCI entered into a contract for the construction of a shopping center. The parties agreed that all disputes arising from the construction project would be resolved in accordance with the Construction Industry Arbitration Rules ("the Rules") of the American Arbitration Association ("AAA").

AAA, in cooperation with the National Construction Industry Arbitration committee, maintains a National Panel of Construction Industry Arbitrators ("the Panel"). Section 13 of the Rules provides a procedure by which AAA selects arbitrators from the Panel for parties who are subject to the Rules. This section provides as follows: "If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner: Immediately after the filing of the Demand or Submission, the AAA shall submit simultaneously to each party to the dispute an identical list of names of persons chosen from the Panel. Each party to the dispute shall have seven days from the mailing date in which to cross off any names to which it objects, number

the remaining names to indicate the order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, *if acceptable arbitrators are unable to act, or if, for any other reason, the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the Panel without the submission of any additional lists."* (Emphasis supplied.)

A dispute subsequently arose between DCI and Brockett Pointe regarding the cost of construction and the matter was referred to AAA for arbitration. AAA submitted two identical lists of 33 qualified arbitrators to the parties. (The first list comprised 18 prospective arbitrators and the second list comprised 15 prospective arbitrators.) Brockett Pointe and DCI were given an opportunity to review the lists and eliminate prospective arbitrators who were not acceptable. One mutually acceptable arbitrator was selected from the first list and two other mutually acceptable arbitrators were selected from the second list.

The arbitration was scheduled for November 1-3, 1988. However, one of the arbitrators who had been assigned to resolve the dispute notified AAA that he would be unable to serve at the hearing. AAA notified Brockett Pointe and DCI of the problem and subsequently appointed a substitute arbitrator who was not on the list of prospective arbitrators. AAA provided the parties with the substitute arbitrator's qualifications and informed Brockett Pointe and DCI that "[o]bjections to the appointment . . . should be factual in nature and received no later than . . . Monday, October 31, 1988." (Notification of appointment of the substitute arbitrator was made via a letter dated October 28, 1988.) Brockett Pointe objected on the grounds that the administrative appointment was in violation of the Rules and because the "biographical data" of the substitute arbitrator "suggests that he might have a bias towards contractors. . . ." Thereafter, AAA affirmed that one of the mutually acceptable arbitrators could not attend the November 1-3, 1988, hearing and that, "[p]ursuant to section 13 of the Construction Industry Arbitration Rules," an administratively appointed arbitrator would be assigned as a substitute. Brockett Pointe filed an "OBJECTION AND DEMAND FOR DE NOVO HEARING" with AAA and notified AAA that it would not appear at the scheduled hearing.

On November 1-2, 1988, a hearing was conducted before the three arbitrators assigned by AAA. Brockett Pointe was not present

and DCI presented evidence in opposition to Brockett Pointe's "OBJECTION AND DEMAND FOR DE NOVO HEARING." The arbitrators denied this motion and proceeded with the hearing, accepting DCI's evidence on the merits of the dispute. The arbitrators allowed Brockett Pointe 12 days after the close of the hearing to submit evidence in support of its position. However, Brockett Pointe did not respond and the arbitrators subsequently entered an award in favor of DCI. From this evidence, the superior court denied Brockett Pointe's motion to vacate the arbitration award and granted DCI's motion to confirm the arbitration award. This appeal followed. *Held*:

In support of its sole enumeration, Brockett Pointe argues that the method used by AAA in selecting a substitute arbitrator was in violation of the Georgia Arbitration Code, OCGA § 9-9-80 et seq. (now redesignated as OCGA § 9-9-1 et seq.).

At the outset, we note that DCI presented undisputed evidence showing that out-of-state goods, services, materials and financing were supplied during execution of the construction contract. This evidence shows that the transaction involved interstate commerce as contemplated by 9 USCA § 1. It therefore follows that the parties' arbitration agreement is controlled by the Federal Arbitration Act, not the Georgia Arbitration Code. *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 224 (1) (338 SE2d 733); *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12 (345 SE2d 53). See *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701, 703 (308 SE2d 830).

The Federal Arbitration Act provides that where an arbitration agreement contemplates "a method of naming or appointing an arbitrator or arbitrators . . . , such method shall be followed. . . ." 9 USCA § 5. In the case sub judice, Brockett Pointe argues that AAA failed to follow the guidelines of the arbitration agreement "because the replacement [arbitrator] was not made from a list of prospective arbitrators from which the parties were given the opportunity to make objections." This argument is without merit.

Section 13 of the Rules provides that "AAA shall have the power to make [an] appointment from among other members of the Panel without the submission of any additional list" where "the appointment cannot be made from the submitted lists. . . ." Brockett Pointe does not contend, nor does the record show that a substitute arbitrator could have been chosen from the submitted lists. Consequently, AAA did not breach the arbitration agreement by appointing a substitute arbitrator from the Panel without submitting additional lists of prospective arbitrators. It therefore follows that AAA appointed the substitute arbitrator according to the parties' arbitration agreement and that the superior court properly denied Brockett Pointe's motion to set aside the arbitration award and properly granted DCI's motion

to confirm the award. Compare *In re Lobo & Co. v. Plymouth Navigation Co.*, 187 FSupp. 859, 860 (S.D.N.Y. 1960).

*Judgment affirmed. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the decision but not in the dictum implied in the last paragraph by way of the sentence: "Brockett Pointe does not contend, nor does the record show that a substitute arbitrator could have been chosen from the submitted lists."

This sentence implies that before AAA could appoint an arbitrator from the *Panel*, it would first have to try to get one who had not been striken by one of the parties from the submitted lists. We assume that none could have been chosen from those lists.

Rule 13 does not impose such a requirement or precondition to AAA's choosing one from the whole *Panel*. It says that if an acceptable arbitrator cannot act, AAA can appoint from "other members" of the Panel, i.e., members other than those on the submitted lists.

DECIDED NOVEMBER 22, 1989 —
REHEARING DENIED DECEMBER 7, 1989 —

*Brent & Valianos, James C. Gaulden, Jr.,* for appellant.
*Lefkoff, Duncan, Grimes & Dermer, Joseph Lefkoff, Kimberly A. Richardson,* for appellee.