A89A1620. RHODES et al. v. INLAND-ROME, INC.
(392 SE2d 270)

CARLEY, Chief Judge.

In 1957, appellant-plaintiffs entered into a 65-year Timber Purchase Contract with appellee-defendant. In 1986, appellants notified appellee that they considered that the contract had been breached. Appellee responded by invoking the arbitration clause of the contract. Appellants then filed suit against appellee, seeking the following relief: the enjoining of cutting and removal of timber; the enjoining of any arbitration; a declaration that the contract was null and void; and, damages for breach of contract. Appellee answered, denying that the contract had been breached and asserting that appellants were required to arbitrate, and it also filed a counterclaim. The trial court granted a permanent injunction, finding that appellee's breach of the contract gave appellants the right to terminate it and

that, under these circumstances, the arbitration clause of the contract did not apply. On appeal, the Supreme Court affirmed the trial court's grant of a permanent injunction. *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469 (360 SE2d 595) (1987).

Thereafter, appellants amended their complaint to add additional claims against appellee. Appellee filed an amended answer, wherein it renewed its assertion that appellants were required to arbitrate. After a period of discovery, appellee moved for an order to compel arbitration and stay judicial proceedings, and appellants moved for summary judgment as to appellee's counterclaims. The trial court granted appellee's motion and denied appellants' motion. The trial court certified for immediate review its order granting appellee's motion. Pursuant to *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488 (299 SE2d 538) (1983), we granted appellants' application for an interlocutory appeal from the trial court's order.

1. The motion to transfer this appeal to the Supreme Court is denied.

2. Appellee asserts that arbitration is mandated by the Federal Arbitration Act because the timber purchase contract involves interstate commerce. In support of this assertion, appellee cites evidence showing that the timber, once it has been cut, is removed for processing in certain Georgia facilities and is subsequently shipped as lumber products to points throughout the country.

Clearly, the contract between appellee and appellants does not itself relate to the interstate shipment of any product. To the contrary, it relates solely to the sale of standing timber located exclusively in Georgia. Compare *Brockett Pointe Shopping Center v. Dev. Contractors*, 193 Ga. App. 854 (389 SE2d 374) (1989). Appellee's evidence shows merely its own unilateral involvement in interstate commerce occurring only after its performance under the contract with appellants has long since been completed. Under appellee's expansive construction of the scope of the Federal Arbitration Act, there would scarcely ever be occasion to apply state arbitration principles in a case involving a Georgia timber purchase contract since any timber that is sold and cut in Georgia can ultimately find its way, in some form or another, into another state. The Federal Arbitration Act obviously has not, as a matter of law, preempted application of state arbitration principles in each and every Georgia timber purchase contract case. See generally *Pope v. Continental &c. Woodlands*, 169 Ga. App. 874 (315 SE2d 307) (1984). There being no evidence to authorize a finding of the applicability of the Federal Arbitration Act in the instant case, the trial court erred in finding that arbitration was mandated thereunder.

3. The Supreme Court has previously held that the clause in this contract would not be enforceable as a binding arbitration agreement

under applicable state arbitration principles. " . . . Georgia law has historically authorized agreements to binding arbitration of existing disputes. [Cit.] However, it appears that the contractual imposition of the duty to arbitrate as an exclusive and binding remedy for disputes which arise in the future is limited to construction contracts. [Cit.]" *Georgia Kraft Co. v. Rhodes,* supra at 472 (2). Since the clause providing for arbitration of future disputes in this non-construction contract would not otherwise be enforceable as an *exclusive and binding* arbitration provision, the only issue to be resolved is "whether the money claims are subject to arbitration as a *prerequisite to suit. . . ."* (Emphasis supplied.) *Georgia Kraft Co. v. Rhodes,* supra at 472 (2).

"[U]nder state law an arbitration provision that limits its applicability to questions such as the amount of loss or damage and requires arbitration as a condition precedent to a right of action upon the contract itself will be enforced. [Cits.]" *CCC Bldrs. v. City Council of Augusta,* 237 Ga. 589, 591 (229 SE2d 349) (1976). Even assuming that the instant arbitration clause is otherwise properly limited in its scope, it nevertheless fails to provide that arbitration shall only constitute a condition precedent to initiation of suit. "In an early case the Supreme Court held: 'It has often been held, that an agreement to refer matters in dispute, to arbitration, is not sufficient to oust the Courts of Law or Equity of their jurisdiction.' [Cit.] Unless the agreement provides that the parties shall arbitrate their differences as a condition precedent to a right to sue, a party may resort to the courts to settle a dispute. [Cits.]" *Millican Elec. Co. v. Fisher,* 102 Ga. App. 309, 311 (3) (116 SE2d 311) (1960). It follows that the instant arbitration clause is not enforceable as a condition precedent to appellants' initiation of suit on the contract, and that the trial court erred in granting appellee's motion to compel arbitration and stay the judicial proceedings.

4. Appellants enumerate as error the denial of their motion for summary judgment on appellee's counterclaims. Appellants' contention is that the decision of the Supreme Court in *Georgia Kraft Co. v. Rhodes,* supra, establishes their entitlement to judgment as a matter of law on appellee's counterclaims.

There is considerable doubt whether the Supreme Court's decision establishes the law of the case as to any issue other than the validity of the grant of a permanent injunction on the evidence then before the trial court and whether it has any bearing whatsoever on the issues scheduled for trial before a jury. However, even accepting appellants' broad interpretation of the principle of the law of the case, their motion for summary judgment was nevertheless properly denied. At most, the Supreme Court's decision could be said to have established only appellants' right to terminate the contract based

upon appellee's breach thereof. Appellee's counterclaims are in no way inconsistent with appellants' termination of the contract. To the contrary, appellee's counterclaims are predicated upon appellants' termination of the contract and seek a recovery for prepaid timber which was unharvested prior to that termination. "[R]ecoupment and set-off lie for overpayments. . . ." *Wiseberg v. Novelty Hat Mfg. Co.,* 3 Ga. App. 362 (2) (59 SE 1112) (1908). The trial court correctly denied summary judgment in favor of appellants as to appellee's counterclaims.

5. The grant of appellee's motion to compel arbitration and stay judicial proceedings is reversed. The denial of appellants' motion for summary judgment is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 22, 1990 —

*Burnside, Wall & Daniel, Thomas R. Burnside, Jr., James B. Wall,* for appellants.

*E. R. Lambert, Jackson B. Harris, Kilpatrick & Cody, Stephen E. Hudson, A. Stephens Clay, Thomas C. Shelton,* for appellee.