## S90G0940. RHODES et al. v. INLAND-ROME, INC.
### (397 SE2d 442)

PER CURIAM.

After plenary consideration of *Rhodes v. Inland-Rome, Inc.*, 195 Ga. App. 39 (392 SE2d 270) (1990), it is found not to satisfy the criteria for the grant of certiorari, and the writ is therefore vacated.

*Smith, P. J., Bell, Hunt, Fletcher, JJ., and Judge Asa D. Kelley, Jr., concur; Clarke, C. J., and Benham, J., dissent; Weltner, J., not participating.*

CLARKE, Chief Justice, dissenting.

I respectfully dissent to the vacation of the writ of certiorari. In my opinion, the first case found the timber contract to have been terminated, and extinguished all rights arising under this contract subsequent to the termination. See *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469 (360 SE2d 595) (1987). In that case, the trial court granted a permanent injunction finding Inland-Rome (formerly Georgia Kraft) had breached the contract in such a manner as to create conditions of default authorizing the Rhodes family to terminate the contract. We affirmed that holding. In doing so, we affirmed the trial court's reservation of monetary issues for trial since those issues were not before us on review.

In my view, this resulted in the termination of the contract and, therefore, any future rights under it. It is my further opinion that the reservation of monetary issues simply referred to claims for those rights which accrued before the termination of the contract.

The first case disposed of all issues relating to the termination of the timber lease because a permanent injunction was issued and affirmed. There is no right to a jury trial in permanent injunction cases unless the trial court determines that it is necessary for a jury to resolve specific factual disputes. *Cawthon v. Douglas County*, 248 Ga. 760 (286 SE2d 30) (1982); *Turner Advertising Co. v. Garcia*, 251 Ga. 46 (4) (302 SE2d 547) (1983). This was not done here. When a trial court holds a hearing on an application for injunction, each party must present its case in full, or risk suffering the consequences.

Inland-Rome contends it is entitled to recover money it paid to the Rhodes family which exceeded the value of the timber cut and removed from the land. I cannot agree.

The contract confers no such right extending beyond the effectiveness of the contract. This, then, in my view, would only leave Inland-Rome's claim for unjust enrichment for determination.

I am persuaded that the contract did four things relative to this dispute. (1) It gave Inland-Rome the right to cut certain timber periodically. This Inland-Rome did. (2) It required Inland-Rome to pay the Rhodes family annually a certain sum of money even if the timber

cut was of a lesser value. This Inland-Rome did. (3) It required of Inland-Rome certain other conditions which, if breached, amounted to conditions of default. This Inland-Rome did not do. (4) It authorized the Rhodes family to terminate the contract upon the violation of its terms. This the Rhodes family did.

As a ground for recovery, unjust enrichment rests upon equitable principles, and the courts should construe it in light of the maxims of equity. This includes the clean hands precept and the reservation of equity to those who do equity. Applying these propositions to this case dictates a reversal. In my opinion, Inland-Rome has no right to commit breaches authorizing the termination of the contract, and then make a claim for damages resulting from its failure to do what it could have done during the time the contract was in force.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED OCTOBER 19, 1990.

*Burnside, Wall & Daniel, Thomas R. Burnside, Jr., James B. Wall, Kenneth B. Goolsby,* for appellants.

*Kilpatrick & Cody, A. Stephens Clay, Thomas C. Shelton, Stephen E. Hudson, Shaw, Maddox, Graham, Monk & Harris, Jackson B. Harris, Lambert & Roffman, E. R. Lambert,* for appellee.