## 33563. HORTMAN v. SANITARY SUPPLY & CHEMICAL COMPANY, INC.

UNDERCOFLER, Presiding Justice.

Appellant appeals the grant of an injunction restraining him from selling chemical supplies for a competitor in violation of restrictive covenants in an employment contract. We reverse.

By contract, appellant agreed to the following: ". . . [N]ot to betray any company policies, confidences or formulations entrusted to me, I herein agree not to enter into *any business transactions* with any competitive firm or company or business of a related nature of my own, whether as an employee or as an employer or a sole joint proprietor for a period of 12 months after termination of employment whether it be voluntary or involuntary with said employer within a 100-mile radius of Macon, Georgia." (Emphasis supplied.) The evidence produced at a hearing on the petition for injunction showed appellant left a job as manager of a hardware store to begin work for appellee when solicited by one of appellee's agents. He began work on January 4, 1974. On October 11, 1974, he was told he had to sign the agreement in question here. He did so. On November 14, 1977, he left the employ of appellee and went to work for his cousin who had recently started a sanitary business in Milledgeville, Baldwin County. Thereafter, appellant admitted calling on some of appellee's customers in Milledgeville and in Baldwin County. He also admitted to traveling to several other cities within a 100-mile radius of Macon. Appellee asked the court to enjoin appellant from selling for the competitive company and stated the contract signed by all salesmen was designed to prevent the loss of dollar volume and gross profits and to "avoid" any salesman such as appellant from taking customers from him.

"A covenant not to compete is . . . unreasonable where the nature of the business activities in which the employee is forbidden to engage is not specified with particularity." *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 184 (236 SE2d 265) (1977) and cits. The language of this agreement seeking to prevent an employee who leaves an employer's service from entering into "any business transactions" with a competitor, without more, is unreasonable, indefinite and vague. *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 356, 357 (133 SE2d 338) (1963); *Southeastern Beverage &c. Co. v. Dillard,* 233 Ga. 346 (211 SE2d 299) (1974). It was error to grant the injunction.

*Judgment reversed. All the Justices concur, except Jordan and Marshall, JJ., who dissent.*

SUBMITTED MAY 5, 1978 — DECIDED
MAY 17, 1978.

*Reginald Bellury,* for appellant.
*Milton F. Gardner,* for appellee.