## 37214. WARD v. PROCESS CONTROL CORPORATION.

JORDAN, Chief Justice.

Process Control Corporation filed a complaint against Dean Ward praying for an interlocutory injunction against Ward's violating a covenant "not to compete" and a covenant "not to solicit" which were ancillary to an employment contract between Ward and Process.

Following an interlocutory hearing, the trial court granted an interlocutory injunction against Ward's violating either covenant and a permanent injunction against Ward's disclosing Process' trade secrets.

Ward appeals both grants of injunctive relief. We reverse the first grant and reverse and remand the second.

1. The appellee's motion to dismiss for mootness is denied.

2. The covenant "not to solicit" provided that Ward would not "solicit the business of, nor transact business with, any person, corporation, firm, or other entity with the exception of company vendors, if such person, corporation, firm, or any other entity has transacted business with company at any time within the twelve months immediately preceding the date on which the employment of employee terminated with the company." Thus, said covenant prevents a former employee from transacting *any* business with an entity (with the exception of company vendors) which has transacted business with the company within the twelve months immediately preceding the date on which the employment of employee terminated with the company. Accordingly, we hold said covenant to be unreasonable regarding the scope of prohibited business activities. See *Hortman v. Sanitary Supply &c. Chemical Co.,* 241 Ga. 337, 338 (245 SE2d 294) (1978).

If any covenant not to compete within a given employment contract is unreasonable either in time, territory, or prohibited business activity, then all covenants not to compete within the same employment contract are unenforceable. *T.V. Tempo v. T.V. Venture,* 244 Ga. 776, 778 (262 SE2d 54) (1979). (Cf. *Durham v. Stand-By Labor,* 230 Ga. 558, 562 (198 SE2d 145) (1973) held: a covenant not to compete and a covenant *not to disclose confidential information* may be independently maintained under the same employment contract.)

In the present case both the covenant "not to solicit" and the covenant "not to compete" are covenants not to compete for purposes of applying the above rule of law. In *Kloville, Inc. v. Kinsler,* 239 Ga. 569 (238 SE2d 344) (1977), this court merely *assumed* that covenants restricting customer solicitation were severable from covenants not to compete.

Accordingly, because the covenant "not to solicit" is unreasonable regarding prohibited business activities, we hold that neither of the stated covenants in this agreement is enforceable in the State of Georgia.

3. The trial court ordered that Ward "be enjoined as follows: . . . perpetually from disclosing the trade secrets of plaintiff." Said order did not define the term "trade secrets."

Ward argues that the injunction is improper because the undefined term, "trade secrets," violates Code Ann. § 81A-165 (d) ("Every order granting an injunction . . . shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained. . . ."), and because a permanent injunction cannot issue following an interlocutory hearing.

This court concurs with Ward's first argument, subject only to the following observation: Code Ann. § 81A-165 (d) does not require that a trial court's injunction against the disclosure of a trade secret itself disclose said trade secret; rather, the trial court's injunction need only include a general description of the trade secret sought to be protected. See, *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160, 165 (160 SE2d 356); E. W. Bliss Co. v. Struthers-Dunn, Inc. 408 F2d 1108 (8th Cir. 1969).

This court also concurs with Ward's second argument because the record establishes that the trial court did not enter an order consolidating the trial of the action on the merits with the hearing on Process' application for the interlocutory injunction. See, Code Ann. § 81A-165 (a)(2); *Dixie Plywood Co. v. Brown,* 223 Ga. 254, 256 (154 SE2d 250) (1967).

*Judgment reversed in part; reversed and remanded in part. All the Justices concur.*

DECIDED MAY 13, 1981.

*McCauley, Owen & Sweeney, Timothy J. Sweeney,* for appellant.
*H. Fred Gober, Sr., James A. Gober,* for appellee.