### 66890. WILLIS v. RAUTON.

McMurray, Presiding Judge.

This case involves a tenant holding over by defaulting on the terms of a lease agreement.

On January 15, 1982, Barbara Rauton, as landlord, leased certain premises to Donald Willis for a term of 36 months, the rent to be paid in equal monthly installments of $1,500 beginning the first day of February 1982 and the final monthly installment was also due and payable on that date. The landlord acknowledged the receipt of $700, $350 of which was to be applied to the first and also the last month's rent making a total of $2,650 remaining due and payable on February 1, 1982. The remaining $350 received in cash was accepted as rental for two rooms located at the northwestern section of the property for the term beginning January 15, 1982, and ending January 31, 1982. At that particular point in time the described property was partially occupied by two tenants at will, Rauton & Sons, Inc. and Roswell Bank. In the event Rauton & Sons, Inc. had not vacated the premises by the end of the day on January 31, 1982, landlord agreed to reduce tenant's monthly rental by an amount equal to $750 per month. The tenant also agreed to allow the Roswell Bank to partially occupy the storage room in the rear of the south wall of the building and as long as it was occupied the bank was to continue payments to the landlord. However, the tenant had the option to require the landlord to have the bank vacate the demised premises, in which event the tenant agrees to increase the monthly rental obligation from $1,500 to $1,750 for the duration of the term of the lease beginning on the first day of the month immediately following the month in which the bank vacated the demised premises.

On March 11, 1983, the landlord filed this proceeding against the tenant holding over, contending that the defendant had failed to pay rent when due and had defaulted under the terms of the lease and plaintiff had terminated the lease. In Counts 1 and 2 plaintiff demanded judgment for past due rent of $6,250, plus interest, and rent accruing up to the date of judgment or vacancy at the rate of $58.33 per day, as well as the cost of collection including attorney fees of 15% as required under the lease upon notification that the

provisions in the lease agreement with respect to enforcement of attorney fees in addition to the principal and interest shall be enforced. In Count 3 plaintiff contends that the defendant had damaged the premises in the amount of $1,500 for which she demanded judgment. In Count 4 plaintiff contends defendant had filed a lis pendens against the property and had thereby intentionally and maliciously slandered the title to the property and tortiously interfered with the business relationship of the plaintiff whereby she was seeking to sell the property.

The defendant answered the complaint denying, in substance, all of the plaintiff's claims, admitting only that there was a lease by and between the parties. By counterclaim defendant contends that plaintiff had breached the lease and was indebted to the defendant in the sum of $10,500 representing 14 months at $750 per month for plaintiff's failure to remove the "Plaintiff's [Rauton & Sons, Inc.] and other parties property from the leased premises." Further, defendant had been given the right to match any offer of purchase that the plaintiff received regarding the leased premises; that upon the purchase offer from another to the plaintiff and being presented a copy of the fully executed sales contract the defendant tendered his offer of purchase to the plaintiff, which plaintiff refused to accept, at which time he filed the lis pendens against the property. Defendant also sought judgment in the sum of $37,701.09 ("equity ownership payments") not including appreciation of the building value had the defendant been allowed to exercise his option to purchase. The counterclaim also requested that he be allowed to purchase which was in effect one for specific performance of that part of the agreement, including reasonable attorney fees.

The case proceeded to trial before the state court in which it was tried without the intervention of a jury. The trial court rendered its findings of fact and conclusions of law. In the findings of fact it determined the primary rate for the rent was $1,500 per month with the option to rent additional space formerly occupied by the Roswell Bank for additional rent of $250 per month, which option was exercised effective March 1, 1982. The defendant defaulted in the payment of the rent, and the plaintiff declared the lease to be in default. Defendant failed to pay the plaintiff rent for the months of March and April 1983, that is, $1,500 per month or $3,000, and failed to pay the rent for the additional space at the rate of $250 per month from March 31, 1982, through April 1983; being indebted to the plaintiff in the sum of $6,500 rent on the premises. In addition, the court found that the defendant had failed to repair certain paving on the property with reference to a construction of a drainage line, finding the reasonable cost of repairing same as $450. The court also

determined interest to be due in the amount of $545.41, hence the aggregate amount due defendant was $7,495.41. Plaintiff was also entitled to recover 15% of that amount, being an additional $1,124.31.

In its conclusions of law the court set forth that it was without subject matter jurisdiction of the issues raised in Count 4 (slander of title, tortious interference with business relationship and abuse of legal process) and dismissed this count. The court likewise dismissed the defendant's counterclaim for want of subject matter jurisdiction and because same was res judicata in that all of the issues raised in the defendant's counterclaim were resolved adversely to the defendant in a case by and between the parties in the superior court.

Judgment was rendered against the defendant in the amount of $7,925 principal, $545.41 interest and $1,124.31 attorney fees, and a writ of possession was ordered to place the plaintiff in peaceful possession of the premises. The defendant appeals. However, in an order on motion for supersedeas bond and a motion to compel payment of rent due into the registry of the court and to permit withdrawal of funds on deposit with the court, the court set forth that the defendant had made an oral motion to correct the judgment which the court proceeded to modify to $6,950 principal, $245 prejudgment interest and $1,011.75 attorney fees, requiring the defendant (in addition to a supersedeas bond) to pay into court the sum of $1,750 as rent for the month of May 1983 and thereafter during the appeal and providing that upon these payments being made into the registry of the court the defendant shall be permitted to remain in possession of the premises until the judgment of the case is final. This order with reference to the withdrawal of funds, payment of rent and the supersedeas bond are not involved in this appeal. *Held:*

1. Many of the enumerations of error are concerned with the findings of fact by the trial court with reference to the evidence submitted at the trial. These are as follows: Defendant had the option to rent additional space formerly occupied by the Roswell Bank for an additional rent of $250 per month, and this option was exercised effective March 31, 1982. There is no merit in this complaint as there was evidence to support the findings of the trial court.

Defendant contends the court erred in finding that there was a default in the payment of rent and the plaintiff had declared the lease as being in default. There is no merit in this complaint as there was evidence to support these findings of the trial court.

Defendant next contends the trial court erred in finding the defendant failed to pay rent for the months of March and April 1983 ($3,000) and failed to pay rent for the additional space at the rate of

$250 per month from March 31, 1982, through April 1983. Here the trial court determined the amount to be $3,000 plus 14 months additional rent at the rate of $250 per month, or $3,500. The court later corrected its judgment, upon defendant's oral motion, from $7,925 principal to $6,950 principal, and also reduced the interest and attorney fees. The corrected judgment of $6,950 principal ($450 damage to the property plus rent of $6,500) was based on testimony which authorized the findings of the court. We find no merit in this complaint.

Errors next enumerated that plaintiff was not entitled to a writ of possession are not meritorious as the court found that the rent had not been paid when due. The evidence authorized the findings by the court as to the grant of the writ of possession.

Another enumeration of error is that the trial court erred in finding the defendant was entitled to $545.41 interest. We note here that the court later corrected this amount to the sum of $245 prejudgment interest. The court likewise reduced the attorney fees from $1,124.31 to $1,011.75. Many of the enumerations of error therefore do not properly reflect the actual findings of the court. However, the evidence as to the date the rent was due and with reference to the collection by an attorney shows clearly that the amounts determined by the court were authorized.

2. The remaining enumerations of error in general have reference to the conclusions of law in finding in favor of the plaintiff and in dismissing the defendant's counterclaim. We note that the state court is not a court of equity and has no jurisdiction to grant specific performance of the option to purchase as expressed by the defendant in the counterclaim that defendant "be allowed to purchase the leased premises pursuant to . . . Lease Agreement." Defendant admits by brief that the action filed in the superior court was in equity, seeking specific performance of the option to purchase the very same subject matter of the counterclaim. The doctrine of res judicata applies in the case sub judice based upon the record in the case in the superior court because there was an identity of the parties and issues and an adjudication by a court of competent jurisdiction. See OCGA § 9-12-40 (formerly Code § 110-501); *Lewis v. Price,* 104 Ga. App. 473 (1), 475 (122 SE2d 129); *Fierer v. Ashe,* 147 Ga. App. 446, 447-450 (249 SE2d 270); *Gamble v. Gamble,* 204 Ga. 82, 87-90 (48 SE2d 540). Thus, conceding that the defendant's counterclaim request be one for breach of contract and damages arising therefrom rather than based upon the language of that request (he be "allowed to purchase leased premises" pursuant to the contract and for an award of an equity judgment) which was without the subject matter jurisdiction of the state court as an equity court to award specific

performance, the superior court proceeding was res judicata here.

Having examined each and every enumeration of error of the defendant and finding no merit we must affirm the judgment.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983 —
REHEARING DENIED NOVEMBER 7, 1983 — 

*Larry W. Chester,* for appellant.
*Lynn C. Stewart, David H. Flint,* for appellee.