44406. GEORGIA KRAFT COMPANY v. RHODES et al.
(360 SE2d 595)

CLARKE, Presiding Justice.

This is an appeal from a permanent injunction entered against Georgia Kraft; the controlling issues are the construction to be given to the terms of a timber purchase contract (hereinafter Contract) and a lease agreement (hereinafter Lease) entered into between Georgia Kraft and the predecessors in title to the appellees (hereinafter the Rhodes). After two hearings the trial court concluded that Georgia Kraft had breached the Contract which allowed the Rhodes to exer-

cise their right to terminate the agreements.

On January 1, 1957, the Rhodes as sellers entered into the Contract with Georgia Kraft for the purchase and sale of timber on 6400 acres of land; on June 1, 1957 they entered into the Lease of the same lands to run concurrently with the Contract and providing further that the Lease would terminate upon termination for any reason of the Contract.

The Contract provided that Georgia Kraft have the right to cut one cord of wood per acre per year and would pay the Rhodes the contract pricing for these cords whether or not they were cut in a given year. The Contract also establishes a "Cord Credit Account" and provides that when Georgia Kraft fails to harvest its one cord per acre in a year then there will be an account balance entitling Georgia Kraft to cut unharvested trees which were paid for at any time during the duration of the Contract.

The Contract requires that Georgia Kraft maintain a permanent record on the cord credit account regarding the amounts cut and paid for under the Contract. The Contract provides in paragraph 5 that the Scribner Decimal C Scale will be used in determining a cord by volume and sets forth conversion factors for determining entries into the cord credit account.

According to the Rhodes, they learned in April of 1986 that Georgia Kraft had abandoned the cord volume measurement and had been using a weight measurement and then later learned that Georgia Kraft had not maintained a permanent record of the cord-credit account. After some communications between the parties the Rhodes notified Georgia Kraft that they considered the contract breached by Georgia Kraft. Georgia Kraft responded with a call for arbitration under a clause of the Contract.

The Rhodes then filed this action seeking to enjoin Georgia Kraft from cutting or removing timber under the contract and to declare the contract null and void. They also sought to enjoin any arbitration and to recover damages. Georgia Kraft denied any breach and contended that the Contract required the Rhodes to arbitrate. They also filed a counterclaim to recover the value of the wood paid for under the cord credit account but not yet harvested. A hearing was held on August 19, 1986 on the Rhodes' request for a temporary restraining order; both sides were represented and the court granted the temporary relief and set an interlocutory hearing.

The second hearing took place on September 9, 1986; at the conclusion it was agreed that the August 19 order remain in effect until further order of the court. On December 8, 1986 the court entered an order concluding that Georgia Kraft had breached the Contract which gave the Rhodes the right to declare it voided. Under these circumstances the court held that the arbitration provision of the Contract

did not apply and the sole remaining issues were the claims and counterclaim for damages. It was ordered that the temporary injunction be made permanent.

1. The appellant contends that the trial court erred in entering a permanent injunction after the interlocutory hearing because there was no order consolidating the issues as provided in OCGA § 9-11-65 (a) (2). The general rule is that entering permanent relief after an interlocutory hearing is improper. *Ward v. Process Control Corp.*, 247 Ga. 583 (277 SE2d 671) (1981); *Miller v. Wells*, 235 Ga. 411 (219 SE2d 751) (1975). However, when there is notice of an interlocutory injunction hearing, the court may determine the issues on their merits after the interlocutory hearing where there is no objection or where the parties have acquiesced. *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183 (4) (336 SE2d 562) (1985); *Wilkerson v. Chattahoochee Parks, Inc.*, 244 Ga. 472 (260 SE2d 867) (1979).

At the conclusion of the interlocutory hearing the trial court and counsel for each side discussed the issues then pending before the court. The court did inform counsel that he might rule on whether the contract had been breached as a matter of law based upon the evidence before him. *Regency Club v. Stuckey*, 253 Ga. 583 (3) (324 SE2d 166) (1984). Under the circumstance we find no procedural error in the court entering a ruling on the merits of whether the contract was breached.

2. Appellant next contends that the court erred in ruling on the merits of whether the contract had been breached because there was insufficient evidence before the court, and erred in failing to enforce the arbitration clause. There was no witness testimony at the hearing. There were two affidavits in the record from the plaintiffs and the defendant had brought in documents in response to a motion to produce. The documents were discussed and a stipulation was made regarding which documents were kept up and in the possession of Georgia Kraft, although no stipulation was made as to the legal effect of those documents. The stipulations and submissions of counsel were sufficient to allow the court to construe the Contract. The Contract provides that measurements be made by the Scribner Decimal C Scale and cubic feet. Sometime in the 1960s Georgia Kraft switched to measuring the wood taken by weight and with no reference to the Scribner Decimal C Scale. The Contract provides that if the method of measuring provided in the Contract is no longer possible or practical, then a new method shall be set by agreement of the parties. It also provides that if the parties are unable to agree then the method would be decided by paragraph 12 of the Contract regarding arbitration.

The arbitration clause in paragraph 12 provides for the selection of arbitrators if there is a dispute over forestry practices or the

method to be used in determining payment under the contract.

The court also had before it the fact that the Contract provides that Georgia Kraft agreed to keep permanent and detailed accounts with respect to the cord credit account. There was no agreement by the Rhodes when Georgia Kraft changed the method of calculating payment sometime in the 1960s. Georgia Kraft has no record of how the cord credit account entries were determined prior to 1981 and has no weight tickets reflecting the amount of timber harvested prior to 1981.

The Contract provides that if Georgia Kraft defaults under any of its obligation and the default is not corrected after notice from the Rhodes then the Rhodes may terminate the Contract.

The Rhodes gave written notice alleging default under the Contract on July 15, 1986 based upon the failure to maintain permanent records of the cord credit account and the unilateral change of calculating the method of payment. Georgia Kraft responded by invoking the arbitration clause. The trial court concluded that Georgia Kraft had breached the Contract by failing to keep permanent records and in unilaterally changing payment computations with no notice to the sellers, the Rhodes. The construction, interpretation and legal effect of a contract is a question for the court to decide. *Honea v. Gilbert*, 236 Ga. 218 (223 SE2d 115) (1976); *Holt v. Clairmont Development Co.*, 222 Ga. 598 (151 SE2d 151) (1966).

Kraft argues that this is a dispute over method of payment and the payment calculation section states that this is an issue for arbitration. Rhodes points out that the Contract provides for arbitration of payment method when a change in the method is proposed and not when a unilateral change is made without notice. Rhodes also points out that the arbitration provision in this contract is not a prerequisite to suit on all issues. This action is based upon breach of the contract by failing to use the method of calculation as provided in the Contract and failing to follow the terms regarding a change in the method of calculation. We agree that the arbitration provision does not control. We note that Georgia law has historically authorized agreements to binding arbitration of existing disputes. OCGA § 9-9-1 et seq. However, it appears that the contractual imposition of the duty to arbitrate as an exclusive and binding remedy for disputes which arise in the future is limited to construction contracts. OCGA § 9-9-80 et seq.

The trial court has found a breach of the Contract and entered a permanent injunction respecting harvesting of trees. The issues of money claims for each side have been reserved for trial. The question of whether the money claims are subject to arbitration as a prerequisite to suit is not before the court at this time. Under the circumstances of this case the trial court did not err in interpreting the con-

tract and in concluding that under its terms the breach by Georgia Kraft entitled the Rhodes to terminate the Contract.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1987.

*Lambert & Roffman, E. R. Lambert, Smith, Shaw, Maddox, Davidson & Graham, Walter J. Matthews,* for appellant.

*Burnside, Wall & Daniel, Thomas R. Burnside, Jr., James B. Wall, Kenneth E. Goolsby,* for appellees.