46179. GWINNETT COUNTY et al. v. VACCARO et al.
(376 SE2d 680)

SMITH, Justice.

Appellants Gwinnett County and the Gwinnett County Board of Commissioners ("Gwinnett County") seek reversal of an order enjoining the further operation of the Yellow River/Sweetwater Waste Water Treatment Plant as a nuisance and compelling affirmative cleanup procedures. Appellees, plaintiffs in the trial court, are citizens of Gwinnett County who reside in the immediate vicinity of the plant and who complain that the plant has destroyed the enjoyment of their homes due to excessive noxious odors, noise and insects. Appellees sought temporary and permanent injunctive relief based on a claim of nuisance and damages due to inverse condemnation. After a two-day trial on the nuisance question, the trial judge enjoined operation of the plant as a nuisance; required abatement of the complained-of odors, noise and flies; enjoined the county from placing into operation planned expansion facilities at the plant; enjoined sewer connections which would send further sewage to the plant; established a schedule for abatement of the odors and noise and for the spraying of chemicals to prevent flies and insects; and ordered that a monitor, auditor, or special master be appointed at county expense to supervise compliance with the order. We affirm.

1. In its first enumeration of error, apppellants contend that the trial judge erred by making final determinations of fact, deciding the merits of the equitable complaint, and granting permanent injunctive and permanent affirmative mandatory relief after an interlocutory hearing.

The general rule is that unless there is an order consolidating the trial on the merits with the hearing on the application for interlocutory injunction as provided in OCGA § 9-11-65 (a) (2), then the entry of permanent relief after an interlocutory hearing is improper. *Ward*

*v. Process Control Corp.,* 247 Ga. 583 (277 SE2d 671) (1981). "However, when there is notice of an interlocutory hearing, the court may determine the issues on their merits after the interlocutory hearing where there is no objection or where the parties have acquiesced." *Ga. Kraft Co. v. Rhodes,* 257 Ga. 469 (360 SE2d 595) (1987).

Appellees brought this suit against Gwinnett County for the dual purposes of obtaining injunctive relief from a nuisance and collecting money damages for inverse condemnation. The parties agreed during the course of the trial to address only the question of injunctive relief for nuisance to begin with, further agreeing that if the trial court granted the injunction and directed that the nuisance be abated, then the suit would not proceed to the damages issue. Both appellants and appellees then proceeded to present expert testimony and arguments on the merits of the case during the course of a two-day trial. This constituted acquiescence by the appellants. *Ga. Kraft Co.,* supra. Under these circumstances, we find no error in the trial court making final determinations and granting permanent injunctive relief after the interlocutory hearing.

2. We see no error in either the trial judge's findings that the treatment plant is currently being operated and maintained as a nuisance and that the nuisance is continuing and abatable or in his determination that moratoria on additional sewage hookups and planned expansion of the plant's capacity would serve to help alleviate the present nuisance. The trial judge did not improperly rely on the "police power" doctrine.

3. Finally, appellants contend that the trial judge erred in ordering that a monitor, auditor or special master be appointed at county expense to supervise the plant, additionally complaining that the county cannot be compelled to spend its funds other than as it sees fit.

In *Opatut v. Guest Pond Club,* 254 Ga. 258 (327 SE2d 487) (1985), this Court considered a similar challenge to a trial court's power to appoint a monitor. In that case, the trial court entered an order which stated, "The Court finds that it does not have time to make an inspection of the premises in controversy and that it should be made by a court appointed monitor . . . Said monitor shall be a special officer of this Court and shall have the duty of investigating the claims of all parties in this case, and in particular to inspect the physical site which creates the dispute between the parties." Id. at 259. In upholding this appointment, this Court found that "[t]he judge has a discretion in regulating and controlling the business of the court and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from the abuse." Id. quoting *Clark v. Bd. of Dental Examiners,* 240 Ga. 289 (240 SE2d 250) (1977).

Furthermore, neither the trial court's allocation of the costs of the monitor to Gwinnett County nor its order of affirmative injunctive relief violated Georgia law by ordering how public funds should be spent. OCGA § 9-7-22 provides that the fees for an appointed monitor may be apportioned between the parties at the judge's discretion. Gwinnett County's argument that compliance with the court's injunction intrudes upon its fiscal management could well be heard from any defendant compelled to clean up the nuisance he has created. We find no error in either the trial judge's appointment at county expense of a monitor to supervise the necessary cleanup efforts at the Yellow River plant or in the order of other measures which require expenditures.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs specially.*

HUNT, Justice, concurring specially.

I concur specially only to point out, contrary to the majority opinion, that the trial judge plainly labeled his order as interlocutory and in fact even set a future hearing date for further consideration of the conduct requiring the injunction. The trial judge was authorized to appoint a monitor to report on compliance only by virtue of the pendency of the case in the trial court.

DECIDED MARCH 9, 1989.

*Gibson Dean II*, for appellants.
*James A. Mackay*, for appellees.
*James F. Grubiak, Walter Edwin Sumner, Alston & Bird, G. Conley Ingram, Nill V. Toulme*, amici curiae.