## S91A0750. BREVARD FEDERAL SAVINGS & LOAN ASSOCIATION v. FORD MOUNTAIN INVESTMENTS.

(409 SE2d 36)

HUNT, Justice.

The trial court granted Ford Mountain Investments an injunction forbidding Brevard Federal Savings and Loan Association from commencing foreclosure and ruled in favor of Ford on their contract dispute. Brevard appeals.

Brevard loaned money to Wiggins to develop two parcels of real property in Rabun County known as Heatherstone Lakes Subdivision and Highland Tops I. When Wiggins experienced financial problems, Ford agreed with Brevard to take over both projects and continue development of the property. Ford is subordinated in interest to the note and deed to secure debt and has made payments of over $600,000 to Brevard, although Ford is not itself liable on the original note. Thus, Brevard's only remedy against Ford for failing to continue to make payments is foreclosure.

The agreement between Ford and Brevard also provides Ford may sell "any lot of a size and acreage customarily developed as a residential lot upon payment of a release fee of *30% of the appraised value* of the property sought to be released." (Emphasis supplied.) By their practice in the past, Ford had obtained releases by paying 30 per cent of the *retail* appraisal value, upon which their agreement had been negotiated.[1]

On September 27, 1990, Ford sought to obtain a release on the entire 41-acre Highland Tops tract by tendering 30 percent of the sum of the *wholesale* appraisal prices of Highland Tops' 34 lots. Brevard refused, demanding 30 percent of the current fair market value for the release.

Ford filed a declaratory judgment action to clarify this contract issue and sought to enjoin Brevard from taking any action to fore-

---

[1] The first release was negotiated at $700 less than 30 percent of retail.

close. By agreement, an injunction was entered to maintain the status quo pending a hearing. When Ford failed to make the next monthly payment, Brevard moved for a hearing to dissolve the injunction.[2] The trial court, after the hearing, denied the motion to dissolve and continued the injunction. Brevard appealed. Thereafter, the trial court entered findings of fact and conclusions of law not only on the injunction, but also on the merits of the declaratory judgment action, holding the contract between the parties required Brevard to release its interest in Highland Tops based on the wholesale appraisal value of the lots. Brevard filed an amended notice of appeal.[3]

1. Brevard, which has consistently demanded a jury trial on the merits of the underlying contract controversy, contends the trial court erred in ruling on the merits, without its consent, after the hearing on the injunction. While OCGA § 9-11-65 (a) (2) allows for consolidation of the hearing on an interlocutory injunction and on the merits by prior order, this subsection includes a proviso that "[t]his paragraph shall be construed and applied so as to save any rights of the parties which they may have to trial by jury." Compare OCGA § 9-11-52.

The trial court did not enter an order consolidating the hearing on the injunction and on the merits, and is not permitted to consolidate the hearing on the injunction with the hearing on the merits over the objection of one of the parties.[4] *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (376 SE2d 680) (1989); *Ga. Kraft Co. v. Rhodes*, 257 Ga. 469 (1) (360 SE2d 595) (1987). Thus, the trial court's judgment on the merits must be vacated.[5]

2. Brevard argues the trial court erred in enjoining it from proceeding to foreclose on the property. The trial court acted on the erroneous assumption that the failure to release the property excused Ford from continuing to make these payments. As was said in *Wright v. Intercounty Properties, Ltd.*, 238 Ga. 492, 494 (233 SE2d 160) (1977):

> this court has held that "a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first

---

[2] The record is unclear as to the express nature and duration of the consent injunction, but there is no reason to believe it would extend *by consent* beyond any hearing.

[3] Ford's motion to dismiss is denied.

[4] OCGA § 9-11-65 (a) (2) does provide that the evidence already received on the injunction need not be repeated at trial, unless of course this becomes necessary because a jury is present.

[5] OCGA § 9-11-60 (h) provides that the law of the case rule is abolished. Thus, rulings made by the trial court on the contract claim while deciding the injunction, where the merits of the contract claim were not properly in issue, are not binding on the trial of the contract claim.

pays or tenders to the creditor the amount admittedly due." *Oliver v. Slack*, 192 Ga. 7 (14 SE2d 593) (1941). [Cits.] This is true notwithstanding any allegation that the defendant has breached some independent covenant. *Jordan Realty Co. v. Chambers Lumber Co.*, 176 Ga. 624 (168 SE 601) (1933).

Thus, while a genuine issue concerning the proper release price for the Highland Tops' lots remains for decision, Ford may not discontinue payments on the note pending the outcome. *Dozier v. Shirley*, 240 Ga. 17, 18 (239 SE2d 343) (1977); *Cochran v. Teasley*, 239 Ga. 289, 291 (236 SE2d 635) (1977); *Bennett v. Blackwell*, 157 Ga. App. 617 (278 SE2d 159) (1981).

Ford relies on two cases to show that it is entitled to an injunction notwithstanding its default. *Salter v. Ashburn*, 218 Ga. 62, 67 (126 SE2d 404) (1962); *Jordan v. Flynt*, 240 Ga. 359 (3) (a) (240 SE2d 858) (1977). Both are distinguishable. In *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 174 (236 SE2d 254) (1977), this court held:

The party seeking specific performance must not only show that he has complied with the terms of the contract at the commencement of the suit, but also that *he is able, ready and willing to do those other future acts which are required of him under the contract.*

(Emphasis supplied.) Because Ford has not indicated an intention to make the required payments in the future, *Kirk* rather than *Jordan*, must control.

The trial court erred in refusing to dissolve the injunction against foreclosure because Ford has not made its monthly payments and is not entitled to equitable relief.

*Judgment reversed in part; vacated in part. All the Justices concur.*

DECIDED OCTOBER 4, 1991 —
RECONSIDERATION DENIED NOVEMBER 1, 1991.

*McClure, Ramsay & Dickerson, Allan R. Ramsay,* for appellant.
*Smith, Currie & Hancock, Ronald G. Robey,* for appellee.