## S96A1829. MOSLEY et al. v. H. P. S. C., INC.
(477 SE2d 837)

CARLEY, Justice.

Dr. Nicholas Mosley entered into two agreements for the lease of dental equipment from H. P. S. C., Inc. (HPSC). The agreements contained an option to purchase the equipment upon expiration of the leases. After the leases expired, Dr. Mosley did not exercise the options to purchase, but he retained possession of the equipment. HPSC brought suit in state court, seeking to recover unpaid rent for the equipment and an "unbilled purchase option." The state court found that Dr. Mosley was liable for the unpaid rent, but not for the "unbilled purchase option."

Subsequently, Dr. Mosley sought injunctive relief, seeking to prevent HPSC's threatened repossession of the equipment. The trial court denied both interlocutory and permanent injunctive relief, finding that the evidence presented was unclear and that Dr. Mosley failed to prove his case. He appeals.

1. Dr. Mosley contends that, because the state court ruled on both the rent for and the ownership of the equipment, the principle of res judicata forecloses HPSC from relitigating those issues.

With regard to the options to purchase, the state court ruled that, because Dr. Mosley "offered to return the equipment during the pendency of the lease and [HPSC] never demanded return of the equipment at the conclusion of the lease, [HPSC] may not recover these sums." Thus, the state court merely held that HPSC could not recover the amount of the purchase option because Dr. Mosley, who still had possession of the equipment, had not yet exercised the purchase option and HPSC, which still had ownership of the equipment, had not yet demanded its return. The state court did not hold that Dr. Mosley could no longer exercise the purchase option or that HPSC could no longer demand return of the equipment. Therefore, the state court did not settle the question of which party would own the equipment after either or both took steps to assert ownership and possession thereof. See *Barkley-Cupit Enterprises v. Equitable Life Assurance Society*, 157 Ga. App. 138, 140 (1) (276 SE2d 650) (1981). Compare *Willis v. Rauton*, 168 Ga. App. 767, 770 (2) (310 SE2d 729) (1983). Even though the state court settled most issues arising from the leases, it did not settle all issues concerning the option to purchase the equipment. *Rose v. Chandler*, 247 Ga. 382, 383 (2) (279 SE2d 423) (1981). Thus, HPSC is not barred by res judicata either from repossessing the equipment or, if Dr. Mosley wants to own the equipment, from demanding payment in addition to the rent previously awarded by the state court.

2. Dr. Mosley also contends that the trial court erroneously ruled on his motion for permanent injunction, since there was no agreement by the parties to consolidate the trial on the merits with the hearing on the motion for interlocutory injunction.

The trial court never ordered a consolidated hearing pursuant to OCGA § 9-11-65 (a) (2). At the interlocutory hearing, neither the parties nor the trial court agreed upon, or even mentioned, consolidation. However, the trial court specifically denied Dr. Mosley's motion for permanent injunction. This denial of permanent injunctive relief was premature and, thus, erroneous, as HPSC itself concedes. *Brevard Fed. Sav. &c. Assn. v. Ford Mtn. Investments*, 261 Ga. 619, 620 (1) (409 SE2d 36) (1991); *Fayette County v. Seagraves*, 245 Ga. 196, 198 (2) (264 SE2d 13) (1980). Compare *Ga. Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987). HPSC urges that this error is harmless. However, the premature entry of final judgment cannot be harmless when, as here, it deprives the losing party of the right to a trial on the merits. See *Pyramid Constr. Co. v. Star Mfg. Co.*, 195 Ga. App. 644, 645 (394 SE2d 598) (1990).

Accordingly, although the trial court did not err in denying interlocutory relief, the denial of Dr. Mosley's motion for permanent injunction must be vacated. *Brevard Fed. Sav. &c. Assn. v. Ford Mtn. Investments*, supra; *Fayette County v. Seagraves*, supra.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED NOVEMBER 25, 1996.

*Emerson Carey, Jr.,* for appellants.
*Richard F. Evins, Camp & Weideman, Daniel L. Camp,* for appellee.