A98A0273. FONTAINE CONDOMINIUM ASSOCIATION v. SCHNACKE.
(496 SE2d 553)

Judge Harold R. Banke.

Fontaine Condominium Association ("the Association") appeals from an order granting permanent injunctive relief, monetary damages, and attorney fees to Richard Schnacke, a condominium unit owner. On appeal, the Association enumerates six errors.

Schnacke purchased his unit in 1980 and fell behind in the payment of his dues in 1990. In January 1994, the Association filed suit against Schnacke in the State Court of Gwinnett County to recover unpaid condominium assessments and related charges.[1] After answering the Association's suit but before the entry of a final order, Schnacke filed a Chapter 13 bankruptcy petition. After its counsel submitted a proposed final order to the court, the Association received notice of the bankruptcy filing. The record does not show that Schnacke apprised the state court of his bankruptcy filing. About two weeks after his bankruptcy filing, on August 15, 1994, the State Court of Gwinnett County entered an order in the Association's favor against Schnacke for $7,626.04 including principal, interest, costs, and attorney fees. In March 1997, nearly three years after Schnacke filed the bankruptcy petition, the bankruptcy court dismissed his case due to noncompliance.

---

[1] It is undisputed that the Association had earlier sued Schnacke in a different action in DeKalb County for unpaid assessments and that a consent order had been entered in that case. Schnacke subsequently filed a separate action in the Magistrate Court of DeKalb County alleging that the Association had violated the terms of this order by withholding excess funds during his refinancing.

After the dismissal of the bankruptcy action, the Association notified Schnacke twice by certified mail that it would suspend electricity to his unit unless he satisfied a delinquency of $10,058.55. The Association suspended utility service to his unit allegedly under the terms of OCGA § 44-3-76. In order to have the utility service reinstated and to prevent its future disruption, Schnacke sought a temporary restraining order and permanent injunctive relief in the Superior Court of DeKalb County. He amended his complaint to seek attorney fees from the Association for stubborn litigiousness and bad faith.

Over the Association's objection, the trial court consolidated the hearing for the temporary restraining order with a final hearing on the merits. The trial court denied the Association's request for a jury trial on the issue of attorney fees. During the hearing, the trial court expressed its concern that the Association failed to exercise other possible remedies such as executing a fieri facias on the judgment or garnishing Schnacke's wages. Insinuating that the Association was engaging in purposeful harassment, the court observed, "If they [the Association] feel like they have a valid judgment, then they should attempt to satisfy that judgment by other means." At the conclusion of the proceedings, the court granted permanent injunctive relief to Schnacke and awarded him $725 for lost rental income and $2,300 in attorney fees, plus court costs. *Held*:

1. The Association contends that the trial court erred in consolidating the hearing for a temporary restraining order with a final hearing on the merits over the Association's objection. We agree. Where one party objects, consolidation is procedurally improper and the court's judgment on the merits must be vacated. *Brevard Fed. Savings &c. v. Ford Mountain Investments*, 261 Ga. 619, 620 (1) (409 SE2d 36) (1991). See OCGA § 9-11-65 (a) (2); *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (1) (376 SE2d 680) (1989). Although the Association participated in the hearing at issue, it did so under protest. Under these facts, we cannot say that the Association acquiesced to the procedure. Compare id. See *Ga. Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987).

We reach the following issues which may arise on retrial.

2. The Association contends that the trial court erred in granting permanent injunctive relief to Schnacke in light of its statutory rights under OCGA § 44-3-76. We agree. As a matter of public policy the legislature has deemed an owner's responsibility to pay assessments, like those at issue here, an absolute and unequivocal obligation. *Forest Villas Condo. Assn. v. Camerio*, 205 Ga. App. 617, 618-619 (1) (422 SE2d 884) (1992). Schnacke cited no authority and we know of none which requires the exhaustion of alternative remedies by an association as a condition precedent to an association's use of

this statute. See, e.g., id. Rather, the statute plainly authorizes condominium associations which provide utilities to terminate water, gas, electricity, heat, and air conditioning to a unit or unit owner where an owner fails to pay assessments and other amounts due pursuant to OCGA § 44-3-109, provided that: (1) the action is permitted by condominium instruments; (2) the association complies with proper suspension standards and notice requirements; and (3) the association obtains a final judgment in excess of $750 from a court of competent jurisdiction.[2] OCGA § 44-3-76. On retrial, in the event that the Association satisfies all these essential statutory elements, it cannot be required to elect another means of collecting its judgment from Schnacke.

3. The trial court erred in its award of attorney fees sought under OCGA § 13-6-11 because such an award under this statute necessitates jury determination. *C & S Trust Co. v. Hicks*, 216 Ga. App. 338, 340 (2) (454 SE2d 207) (1995); *Jamison v. West*, 191 Ga. App. 431, 433 (4) (382 SE2d 170) (1989). Moreover, on retrial, if the actions taken by the Association are determined to have been authorized by statute, we question whether Schnacke can make the requisite showing upon which a jury could predicate attorney fees. See *Connell v. Houser*, 189 Ga. App. 158, 160 (5) (375 SE2d 136) (1988) (recovery of attorney fees generally foreclosed unless damages recovered).

*Judgment vacated and case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 5, 1998.

*Weissman, Nowack, Curry & Wilco, Charles B. Waters, Jr.*, for appellant.

Richard Schnacke, *pro se*.

---

[2] Even assuming arguendo that the state court judgment was obtained in violation of an automatic stay, as a matter of law that judgment may merely be voidable but not void. *Cole v. Shoffner*, 205 Ga. App. 65 (1) (421 SE2d 322) (1992). Schnacke's counsel admitted that no effort had ever been made to set aside that judgment.