S98A1078. SAPP et al. v. OWENS.
(504 SE2d 665)

CARLEY, Justice.

The Sapps brought suit, seeking to enjoin Owens' alleged obstruction of an easement of access to their property. The trial court issued a temporary restraining order (TRO) and scheduled a hearing on the Sapps' request for an interlocutory injunction. After the hearing, which was not reported, the trial court dissolved the TRO, found that the Sapps have no rights in the easement at issue, and dismissed their complaint with prejudice. It is from this order that the Sapps appeal.

The Sapps contend that the trial court erred, because there was no order consolidating the trial on the merits with the hearing on the application for interlocutory injunction. OCGA § 9-11-65 (a) (2) authorizes the trial court to order consolidation even "after the commencement" of an interlocutory injunction hearing. *Regency Club v. Stuckey*, 253 Ga. 583, 586 (3) (324 SE2d 166) (1984). Furthermore, "'when there is notice of an interlocutory hearing, the court may determine the issues on their merits after the interlocutory hearing where there is no objection or where the parties have acquiesced.' [Cit.]" *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (1) (376 SE2d 680) (1989). See also *Dortch v. Atlanta Journal &c.*, 261 Ga. 350, 351 (1) (405 SE2d 43) (1991); *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987). In the absence of a transcript of the hearing, we must assume that, consistent with its order, the trial court timely exercised its authority under OCGA § 9-11-65 (a) (2) and that it did so with the Sapps' consent. *Mersac, Inc. v. Nat. Hills &c.*, 267 Ga. 493, 495 (4) (480 SE2d 16) (1997); *Cawthon v. Douglas County*, 248 Ga. 760, 764 (1) (286 SE2d 30) (1982). Therefore, the trial court

did not err in disposing of the Sapps' case on the merits.
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellants.
*Walters, Davis & Pujadas, J. Harvey Davis, Hughes & Hobby, David T. Hobby*, for appellee.